The St. Louis & San Francisco Railroad Company
     v. The Mayer Brothers Company.

No. 15,887.   (100 Pac. 623.)

Carriers — *Delivery of Consignment — Production of Bill of
Lading.* Under the circumstances it was not wrongful for a
common carrier to deliver a consignment without requiring
the production or surrender of the bill of lading.

Error from Cowley district court; Carroll L.
Swarts, judge.   Opinion filed March 6, 1909.   Re-
versed.

*W. F. Evans,* and *R. R. Vermilion,* for plaintiff in
error.

*J. Mack Love,* and *C. W. Wright,* for defendant in
error.

*Per Curiam:* One proposition is decisive of this case.
The bill of particulars alleged that the railroad com-
pany received as a common carrier a shipment of goods
at St. Louis, Mo., to be transported to Arkansas City,
Kan., and that it wrongfully and negligently delivered
the same "to a party other than the consignee without
said party having presented to it the bill of lading prop-
erly indorsed." This was denied. A single issue of
fact was sharply presented, and plaintiff, to prove its
case, introduced with other evidence the bill of lading.

The demurrer to the evidence should have been sus-
tained for the reason that the bill of lading contained
a printed condition which provided that unless the
word "order" was written thereon immediately before
or after the name of the party to whose order the
property was consigned the carrier might deliver with-
out requiring the production or surrender of the bill
of lading. The word "order" was not so written
thereon. It conclusively appeared from plaintiff's
evidence that the action of the railroad company in

delivering the property without a surrender of the bill of lading was not wrongful.

The record nowhere discloses that the trial court's ruling was based on the illegibility of the printed conditions on the back of the bill of lading. That question does not seem to have been an issue. If it had been the bill of lading, as shown by the record, appears to be legible; at least, there is no difficulty in reading the condition to which we have been referred.

The judgment is reversed, with directions to enter judgment for defendant.